1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| MATT GOLDSTEIN, et al., on behalf of themselves and a class of others similarly situated,<br><br><div align="right">Plaintiffs,</div><br>v.<br><br>GENERAL MOTORS LLC,<br><br><div align="right">Defendant.</div> | Case No.: 19cv1778-LL-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART GENERAL MOTORS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>**[ECF No. 70]** |

19

    Currently before the Court is Defendant General Motors LLC's Motion to Dismiss

20

Plaintiffs' Third Amended Class Complaint. ECF No. 70-1 ("Motion" or "Mot.").

21

Plaintiffs filed an Opposition to Defendant's Motion [ECF No. 71 ("Opposition" or

22

"Oppo.")], and Defendant filed a Reply [ECF No. 72 ("Reply")].[1] The Court took this

23
24

───────────────

25

[1] Plaintiffs also filed a Request for Judicial Notice in support of Plaintiffs' Opposition to

26

the Motion to Dismiss. ECF No. 77. Specifically, Plaintiffs requested judicial notice of the November 30, 2021 order in the District of Delaware granting in part and denying in part

27

the defendant's motion to dismiss the class action complaint in *Robinson v. General*

28

*Motors, LLC*, No. 1:20-cv-00663-RTD (Del. Nov. 30, 2021). ECF No. 77. "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it

matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 73. On January 4, 2022, this case was transferred to the undersigned. ECF No. 79. For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion.

## I.     BACKGROUND

On April 13, 2020, the Court issued an order granting in part and denying in part Defendant General Motors LLC's motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). ECF No. 48.

On February 3, 2021, the Court issued an order granting in part and denying in part Defendant's motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). ECF No. 62.

On March 5, 2021, Plaintiffs filed a Third Amended Complaint ("TAC"). ECF No. 67 ("TAC").

In the TAC, Plaintiffs allege the following five claims in this putative class action: (1) violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code section 1750; (2) breach of the implied warranty pursuant to Song-Beverly Consumer Warranty Act ("Song-Beverly"), California Civil Code sections 1792 and 1791.1; (3) breach of the implied warranty of merchantability, California Commercial Code

/ / /

---

may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (citation omitted). However, the Court **DECLINES** the Request for Judicial Notice because the Third Amended Complaint does not reference the Delaware order, the order is not referenced in the parties' arguments, and the order is not necessary to determine this Motion to Dismiss. *See Mercado v. Audi of Am., LLC*, No. EDCV1802388JAKSPX, 2019 WL 9051000, at *3 (C.D. Cal. Nov. 26, 2019) (denying request for judicial notice of exhibits that were not directly referenced nor necessary to the court's analysis).

section 2314; (4) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200; and (5) unjust enrichment.[2] TAC.

Plaintiffs seek to represent a Class of all persons and entities who purchased or leased 2013 to 2017 Cadillac ATS, SRX, and XTS vehicles and 2014 to 2017 Cadillac CTS, ELR, and Escalade vehicles (hereinafter "Class Vehicles") equipped with General Motors' Cadillac User Experience touch screen display in the state of California. TAC ¶ 140. Plaintiffs also seek to represent a CLRA Sub-Class of all members of the Class who are "consumers" within the meaning of California Civil Code section 1761(d). *Id.*

Plaintiffs are four citizens of California who purchased new or used Cadillacs designed, manufactured, and distributed by Defendant. *Id.* ¶¶ 20–23, 30. Plaintiffs allege that the in-vehicle infotainment device, known as the CUE System ("CUE"), is defective. *Id.* ¶¶ 37–39, 58. The CUE is an audio/visual interface comprised of a touch screen module that provides "entertainment and information delivery to drivers." *Id.* ¶¶ 37–39. The CUE controls the audio, phone, and climate inputs for the car and displays the backup camera when the vehicle is in reverse. *Id.* ¶¶ 42–48.

Plaintiffs allege the CUE is defective because the plastic cover that sits in front of the touch screen is prone to delaminating or separating from the touch screen glass due to either mechanical or thermal stress. *Id.* ¶¶ 56, 58–59. When the plastic cover separates, Plaintiffs allege it causes a "spider-web-like pattern on the display" to form, which prevents the CUE from recognizing any touch input from a user (the "Defect"). *Id.* ¶ 58.

Plaintiffs allege that the CUE is "defectively designed" because of the placement of the screws and rubberized gasket that hold the plastic cover to the frame of the CUE. *Id.* ¶ 64. The plastic cover is anchored to the touch screen by eight screws. *Id.* ¶ 62. Plaintiffs allege that six screws secure the top portion of the screen and only two screws are placed on "the bottom portion of the plastic cover, which causes it to flex and move

---

[2] The caption for the TAC incorrectly lists an additional claim of fraudulent concealment, and this claim is not included in the body of the TAC. See TAC.

when pressure is applied." *Id.* ¶¶ 62–63. According to Plaintiffs, this makes the plastic cover prone to separating from the touch screen glass. *Id.* ¶ 64. Plaintiffs also allege that the rubber gasket is cut in a way that creates excessive space between the touch screen and the plastic cover, which "allows for more flexibility in the plastic cover, which leads to the spider-webbing defect." *Id.*

Plaintiffs further allege that the plastic cover delaminates or separates as a result of temperature fluctuations. *Id.* ¶ 65. The touch screen assembly is "made up of materials with different thermal expansion coefficients." *Id.* ¶ 66. Plaintiffs allege that the "thermal expansion mismatches" can cause delamination between the plastic cover and the touch screen glass upon heating or cooling. *Id.* Plaintiffs maintain that the Defect poses a safety risk and causes unsafe driving by distracting drivers and by not allowing them to make use of the backup camera when in reverse. *Id.* ¶¶ 71–76. Plaintiffs claim that "when Class Members bring their vehicles to GM's authorized dealers for repair, the defective CUE Systems or components are replaced with the same defective parts, ensuring that the defective replacement CUE will eventually suffer the same delamination and spider-webbing issues." *Id.* ¶ 6.

Plaintiffs allege that Defendant "knew, or should have known, about the Defect." *Id.* ¶ 77. In support of this allegation, Plaintiffs cite to four service bulletins and service bulletin updates ("Technical Service Bulletins" or "TSBs") that Defendant allegedly issued to its dealers in the United States between December 2014 and August 2017. *Id.* ¶¶ 80–86. Plaintiffs claim that these Technical Service Bulletins demonstrated that Defendant "was aware of the Defect and recognized it was covered under its Warranty." *Id.* ¶ 87. These TSBs stated that "[s]ome customers may report that their radio screen appears bubbled, cracked, or is delaminating" and directed dealers to "replace the ICS (Integrated Center Stack) by following the SI replacement procedure." *Id.* ¶ 81, 83. Plaintiffs also point to various consumer complaints filed with the National Highway Traffic Safety Administration ("NHTSA") as evidence that Defendant was aware of the Defect. *Id.* ¶¶ 88–91. Similarly, Plaintiffs allege that Defendant was aware of the Defect because

of complaints made by consumers on internet forums that Defendant allegedly monitored. *Id.* ¶¶ 92–97. Plaintiffs claim that Defendant was aware of these complaints because Defendant monitored and responded to complaints through its agents by making online postings in the various internet forums. *Id.* ¶ 92. Lastly, Plaintiffs allege that Defendant was aware of the Defect "based on the large number of repairs performed to the CUE System's exhibiting delamination and spiderwebbing at its network of dealerships." *Id.* ¶ 98.

All Plaintiffs claim that had they known that the CUE was defective, they would not have purchased or leased the Class Vehicles or would have paid less for them. TAC ¶¶ 107, 114, 118, 130, 164. Two of the Plaintiffs, Ms. Rodriguez and Mr. Guzman, additionally claim that they are harmed by exposure to future attempted repairs. *Id.* ¶¶ 125, 137.

Plaintiffs seek (1) injunctive and equitable relief, as well as "monetary, compensatory, and punitive damages" for the CLRA claim (Count 1) [TAC ¶¶ 168–69]; (2) damages for the implied warranty claim pursuant to Song-Beverly (Count 2 ) [TAC ¶ 180]; (3) damages for the implied warranty of merchantability claim (Count 3) [TAC ¶ 189]; (4) injunctive relief for the UCL claim (Count 4) [TAC ¶ 205]; and (5) injunctive relief for the unjust enrichment claim (Count 5) [TAC ¶ 212].

## II.   LEGAL STANDARD

Defendant moves to dismiss four claims in Plaintiffs' TAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,'" it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)). A "formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). The Court may deny leave to amend where an amendment would be futile. *Desoto*, 957 F.2d at 658 (citation omitted).

/ / /

/ / /

### III.    DISCUSSION

Defendant seeks to dismiss Plaintiffs' CLRA injunctive relief claim (Count 1), implied warranty of merchantability claim (Count 3), UCL claim (Count 4), and unjust enrichment claim (Count 5).

### A.    Plaintiff's Equitable Claims (Counts 1, 4, and 5)

Defendant argues that Plaintiffs' CLRA injunctive relief, UCL, and unjust enrichment claims should be dismissed because (1) Plaintiffs have adequate legal remedies, (2) recent Ninth Circuit authority provides for dismissal at the pleading stage, and (3) Plaintiffs lack standing to seek prospective injunctive relief. Mot. at 6.

### 1.    Adequate Legal Remedies and Ninth Circuit Authority for Dismissal at Pleading Stage

In the Court's February 3, 2021 order granting in part and denying in part Defendant's SAC, the Court dismissed Plaintiffs' UCL and unjust enrichment claims for failure to adequately plead that they have no adequate remedy at law, but with leave to amend. ECF No. 62 at 9, 21–22. Plaintiffs amended their allegations in the TAC as to the UCL and unjust enrichment claims to attempt to remedy this deficiency as follows:

> Plaintiffs seek injunctive relief to compel Defendant to offer, under warranty, remediation solutions that Defendant identifies; specifically, to remove and replace Plaintiffs and Class Members' CUE Systems with a suitable alternative product. Plaintiffs also seek injunctive relief enjoining Defendant from further deceptive distribution, sales, and lease practices with respect to Class Vehicles, enjoining Defendant from selling the Class Vehicles with the misleading information; compelling Defendant to provide Class members with a replacement CUE System that does not contain the defects alleged herein; and/or compelling Defendant to reform its warranty, in a manner deemed to be appropriate by the Court, to cover the injury alleged and to notify all Class members that such warranty has been reformed. Money damages are not an adequate remedy for the above requested non-monetary injunctive relief.

TAC ¶¶ 205, 212. Plaintiffs did not allege that the equitable relief they seek in their CLRA claim lacks an adequate remedy at law. *See* TAC ¶¶ 154–69.

Defendant argues that Plaintiffs have adequate legal remedies in their claims for damages, and their injunctive claims to compel Defendant to offer "remediation solutions" to "remove and replace" the CUE with a "suitable alternative product" are based on the same conduct. Mot. at 9 (citing TAC ¶¶ 205, 212, 168–69). Defendant further argues that there is controlling Ninth Circuit authority in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), to dismiss Plaintiffs' equitable claims at the pleading stage for failure to allege the inadequacy of a legal remedy. Mot. at 10–11.

The Court agrees that the findings in *Sonner* control here and require Plaintiffs to show that they lack an adequate legal remedy before seeking equitable relief or face dismissal. In *Sonner*, the Ninth Circuit held that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Sonner*, 971 F.3d at 844. The court relied on Supreme Court precedent, which stated that "[e]quitable relief in a federal court is of course subject to restrictions" including "a plain, adequate and complete remedy at law must be wanting," and "[t]hat a State may authorize its courts to give equitable relief unhampered by any or all such restrictions cannot remove these fetters from the federal courts." *Id.* at 840 (quoting *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 105–06 (1945)). Because Sonner failed to demonstrate that she lacked an adequate legal remedy, the court affirmed the district court's order dismissing her equitable claims. *Sonner*, 971 F.3d at 845.

Plaintiffs argue that *Sonner* is distinguishable and rely on *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020), for the argument that their equitable relief claims do not require a showing of an inadequate remedy at law. Oppo. at 10–11. Plaintiffs cite to a footnote in *Moore* in which the Ninth Circuit rejected an argument that the plaintiffs could not seek equitable relief under the UCL when there was an adequate legal remedy under the CLRA, finding it was "foreclosed by statute" and noting that the UCL and CLRA "explicitly provide that remedies under each act are cumulative to each other." *Moore*, 966 F.3d at 1021 n.13.

The Court is unpersuaded and joins other district courts facing this same argument who find that the footnote in *Moore* is a statement about remedies available under California state law, but without analysis or mention of *Sonner* and its discussion of federal common law rules governing the availability of equitable relief in federal courts. *Shay v. Apple Inc.,* No. 20cv1629-GPC(BLM), 2021 WL 1733385, at *4 (S.D. Cal. May 3, 2021); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021); *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-CV-05286-PJH, 2020 WL 6544411, at *4 (N.D. Cal. Nov. 6, 2020). Additionally, the footnote in *Moore* was not necessary to the decision in the case and was thus dictum and non-binding. *Shay,* 2021 WL 1733385, at *4; *IntegrityMessageBoards.com*, 2020 WL 6544411, at *4 (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004)).

The Court is likewise unpersuaded by Plaintiffs' reliance on *Federal Trade Commission v. Consumer Defense, LLC*, 926 F.3d 1208 (9th Cir. 2019), for the contention that legislatures may eliminate traditional common law prerequisites for equitable relief in statutes. Oppo. at 11 (citing *id.* at 1214). In *Consumer Defense*, the court held that a *federal* statute authorized injunctive relief without the traditional showing of irreparable harm. *Consumer Defense, LLC*, 926 F.3d at 1212, 1214. That finding is inapplicable here where state statutes are invoked. *See Sharma*, 524 F. Supp. 3d at 907. The court in *Sonner* rejected a similar argument about legislative intent when presented with cases in which equitable relief was sought under a federal statute as opposed to a state statute and made clear that "[f]ederal equitable principles are not subject to qualification by the intent of California's legislature." *Sonner*, 971 F.3d at 844 n.7.

Plaintiffs also seek to factually distinguish *Sonner* by contending that *Sonner's* holding only applies to "claims for equitable restitution for past harm, when the claim for equitable restitution is the same as the claim for monetary damages" and when such a claim is made after extensive discovery. Oppo. at 12. Plaintiffs similarly contend that *Sonner* does not apply to injunctive relief claims. *Id.* at 13. The Court disagrees. Although the issue before the court in *Sonner* was equitable restitution, "district courts have held that the

'adequate remedy at law' requirement applies to equitable relief, which includes injunctive relief claims." *Shay,* 2021 WL 1733385, at *3 (collecting cases). *Sonner's* reliance on *York,* which discussed the restrictions applicable to all equitable relief in federal court, makes this clear. *See Sonner,* 971 F.3d at 840–41. There is nothing in *Sonner* to indicate that its holding is limited to the specific claim or procedural posture of that case. *See Shay,* 2021 WL 1733385, at *4 ("[D]istrict courts have rejected a plaintiff's attempt to distinguish *Sonner* based on the procedural posture of the case."). Thus, the holding in *Sonner* that requires federal courts to rely on federal equitable principles and bar an equitable claim that has an adequate remedy of law applies here, in a diversity case seeking equitable relief.

Plaintiffs further contend that Federal Rule of Civil Procedure 8 permits pleading alternative or hypothetical claims and demands for relief, regardless of whether the claims have an adequate remedy at law. Oppo. at 15. Plaintiffs' argument is inapposite. *Sonner* made clear that a claim for equitable relief in federal court may be dismissed if the plaintiff does not establish that there is no adequate remedy at law. *See Sonner,* 971 F.3d at 845. It makes no difference if the equitable claim is the only claim being sought or a claim in the alternative. *See Shay,* 2021 WL 1733385, at *5; *Sharma,* 524 F. Supp. 3d at 907 ("The issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy.").

Because the Court has found that *Sonner* is binding, it next turns to whether Plaintiffs have established that they lack an adequate remedy at law for their injunctive relief claims.

### a.   CLRA Claim for Injunctive Relief

Plaintiffs do not establish that they lack an adequate remedy at law for injunctive relief for the CLRA claim, stating only that "Plaintiffs and Class Members are entitled to equitable relief." TAC ¶ 168. In the Court's February 3, 2021 order, Plaintiffs' UCL and unjust enrichment claims were dismissed for failing to allege that their legal claims would not provide them with an adequate remedy. ECF No. 62 at 8–9, 20–21. The Court's order stated that "[i]t is a basic doctrine of equity jurisprudence that courts of equity should not

act . . . when the moving party has an adequate remedy at law." *Id.* at 20 (quoting *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996)). Although Defendant previously sought dismissal of the CLRA claim for reasons other than federal equitable principles, Plaintiffs were put on notice that equitable claims will be dismissed if they do not show that legal remedies are inadequate when the Court dismissed their equitable claims under the UCL and unjust enrichment causes of action for "fail[ing] to show entitlement to equitable relief" because they did not allege that "their legal claims would not provide them with an adequate remedy." ECF No. 62 at 21. Despite this notice, Plaintiffs failed to allege that the injunctive relief claim they seek for the CLRA cause of action has an inadequate remedy at law and the Court therefore **GRANTS** Defendant's motion to dismiss Plaintiffs' injunctive relief claim under the CLRA **without leave to amend**. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding the grant or denial of an opportunity to amend is within the discretion of the district court, but the court must explain its reason for any denial, such as repeated failure to cure deficiencies by amendments previously allowed); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" (citation omitted)).

### b.   UCL and Unjust Enrichment Claims

Plaintiffs amended their UCL and unjust enrichment claims in the TAC by specifying the type of equitable relief they seek and then stating that "[m]oney damages are not an adequate remedy for the above requested non-monetary injunctive relief." TAC ¶¶ 205, 212. They contend that "monetary damages for past harm are an inadequate remedy for the future harm asserted" and that the future harm cannot be accurately quantified. Oppo. at 13–14. Defendant argues that repairing and replacing the CUE can adequately be remedied by monetary damages. Mot. at 10.

Plaintiffs' contention that monetary damages are not an adequate remedy for their harms is unpersuasive as to past harm. The primary alleged injury for past harm is that "Plaintiffs and Class Members would have paid less for Class Vehicles equipped with the

subject CUE Systems or would not have purchased or leased them at all" had they known about the defect. TAC ¶¶ 107, 114, 118, 125, 130, 137, 198. Plaintiffs thus seek damages to compensate for the same injury that forms the basis of their requests for Defendant (1) to remove and replace their CUE Systems with a suitable alternative product that does not contain the alleged defects and (2) to perform a recall and repair. *See* TAC ¶¶ 205, 212, 213; *Huu Nguyen v. Nissan N. Am., Inc*., No. 16-CV-05591-LHK, 2017 WL 1330602, at *4 (N.D. Cal. Apr. 11, 2017) ("Plaintiff seeks damages to compensate for 'the exact same' alleged harm 'that forms the basis of' Plaintiff's requests for a restitutionary redesign program and an injunction compelling repair." (citation omitted)). The Court finds there is an adequate remedy at law because the damages and equitable claims for past harm rest on the same alleged overpayment and Plaintiff has not alleged facts that monetary relief would be insufficient. *See Sharma*, 524 F. Supp. 3d at 908; *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2020 WL 6047253, at *3–4 (N.D. Cal. Oct. 13, 2020); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV2000769CJCGJSX, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) ("However, there is nothing in the SAC to suggest that monetary damages would not make Plaintiff or the putative class whole. Indeed, throughout the SAC Plaintiff repeatedly alleges that he and the putative class "lost money or property" as a result of Jaguar's wrongful conduct."); *Nguyen*, 2017 WL 1330602, at *5. Accordingly, the Court **GRANTS** Defendant's motion to dismiss the injunctive claims (1) to remove and replace their CUE Systems with a suitable alternative product that does not contain the alleged defects and (2) to perform a recall and repair. Because Plaintiffs were previously given an opportunity to amend these claims to allege an inadequate remedy at law, but still failed to do so, the Court dismisses these claims **without leave to amend**. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (upholding a dismissal with prejudice after plaintiffs failed to correct deficiencies noted in a previous order dismissing the complaint "since it was clear that the plaintiffs had made their best case and had been found wanting").

As to future harm, Plaintiffs have sufficiently established that they lack an adequate legal remedy. Plaintiffs seek the following injunctions to prevent future harm: injunctive relief (1) enjoining Defendant from "further deceptive distribution, sales, and lease practices with respect to Class Vehicles," (2) enjoining Defendant from selling the Class Vehicles with the misleading information, and (3) compelling Defendant to reform its warranty to cover the injury alleged and to notify all Class Members that such warranty has been reformed. TAC ¶¶ 205, 212, 213(c). Plaintiffs contend that they cannot accurately quantify the damages caused by Defendant's future harm, and so there is no adequate monetary remedy. Oppo. at 14. Plaintiffs allege that Defendant replaces the defective CUE or components with the same defective parts, "ensuring that the defective replacement CUE will eventually suffer the same delamination and spider-webbing issues" and thus creates the injury of "future attempted repairs." TAC ¶¶ 6–7, 13, 125, 137. Accepting factual allegations in the TAC as true, the Court is persuaded that future harm is not calculable to the extent that these injunctions seek to remedy the injury of "future attempted repairs" because it can infer that Plaintiffs have no factual basis to quantify their actual damages for future harm. *See IntegrityMessageBoards.com*, 2020 WL 6544411, at *7–8 (finding the plaintiff cannot prove future harm with certainty by inferring that "plaintiff has no factual basis to quantify its actual damages for future harm"); *see also Ketayi v. Health Enrollment Grp.*, 516 F. Supp. 3d 1092, 1129 n.16 (S.D. Cal. 2021) (finding no adequate remedy at law for injunctive relief premised on preventing future harm for which damages are not calculable). However, this is not the end of the inquiry because Plaintiffs must also have standing to assert injunctive relief premised on future harm.

### 2.      Standing to Seek Prospective Injunctive Relief

Defendant argues that Plaintiffs lack standing to seek prospective injunctive relief because the TAC does not allege that any Plaintiff intends to purchase a Class Vehicle in the future. Mot. at 11–12. Plaintiffs contend that the "re-purchase" test only applies when a plaintiff seeks to enjoin future false advertising or similar deceptive marketing practices. Oppo. at 16.

To establish standing, "[t]he plaintiff must demonstrate that he has suffered or is threatened with a 'concrete and particularized' legal harm coupled with 'a sufficient likelihood that he will again be wronged in a similar way,'" "the injury is 'fairly traceable' to the challenged conduct," and the "injury is 'likely' to be 'redressed by a favorable decision.'" *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Although "a previously deceived consumer may have standing to seek an injunction," even if the consumer now knows of the fraudulent practices, the consumer must still allege actual threat of future harm. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (citation omitted). "In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969–70. "In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 970. "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates*, 511 F.3d at 985.

The Court finds Plaintiffs do not have standing to pursue injunctive relief to (1) enjoin Defendant from "further deceptive distribution, sales, and lease practices with respect to Class Vehicles," or (2) enjoin Defendant from selling the Class Vehicles with the misleading information. These injunctions addressing "deceptive" practices and misleading information pertain to allegations that Defendant failed to disclose the defect in the CUE and that Plaintiffs relied on Defendant's omissions. *See* TAC ¶¶ 192, 198, 208. Therefore, Plaintiffs must still allege actual threat of future harm pursuant to *Davidson* for these two injunctions. *See Sharma*, 524 F. Supp. 3d at 908–09 (dismissing injunctive claims to repair vehicle defect or buyback Class Vehicles for, *inter alia*, absence of allegations that the plaintiffs have standing pursuant to *Davidson*); *Nguyen*, 2017 WL 1330602, at *5 (dismissing injunctive claims to enjoin the defendant from "further deceptive distribution,

sales, and lease practices with respect to the Class Vehicles" for lack of standing where there were no allegations that the plaintiff intended to purchase a Class Vehicle or any product from the defendant in the future). However, the TAC contains no allegations that Plaintiffs will be "unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although [they] would like to" or that Plaintiffs "might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as [they] may reasonably, but incorrectly, assume the product was improved." *Davidson*, 889 F.3d at 969–70. Plaintiffs thus lack standing for these two injunctive claims.

Plaintiffs seek leave to amend any claims dismissed by the Court. Oppo. at 19–20. However, Plaintiffs make no arguments that indicate Plaintiffs could plausibly make allegations of standing for these two claims for injunctive relief in a fourth amended complaint. *See* Oppo. In fact, Plaintiffs are silent in the TAC and in their Opposition on whether they have standing for the two injunctive claims to enjoin Defendant from further deceptive practices and selling Class Vehicles; Plaintiffs only argue they have standing as to the injunctive relief claims to remove and replace the defective CUE Systems with a suitable product. Oppo. at 16–17. Plaintiffs' failure to dispute the lack of standing or argue they could allege standing indicates amendment would be futile. *See Foman*, 371 U.S. at 182 (finding the grant or denial of an opportunity to amend is within the discretion of the district court, but the court must explain its reason for any denial, such as futility of amendment, etc.); *Chodos.*, 292 F.3d at 1003 ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" (citation omitted)). Accordingly, the Court **GRANTS** Defendant's motion to dismiss the claims for injunctive relief to (1) enjoin Defendant from "further deceptive distribution, sales, and lease practices with respect to Class Vehicles," and (2) enjoin Defendant from selling the Class Vehicles with the misleading information **without leave to amend**.

The Court finds that Plaintiffs do have standing to seek injunctive relief compelling Defendant to reform its warranty to cover the injury alleged and to notify all Class

Members that such warranty has been reformed. TAC ¶¶ 205, 212, 213(c). This injunctive relief claim pertains to the defective CUE and allegations that Defendant replaces defective CUE or components with defective parts, ensuring a recurrence of the same delamination and spider-webbing issues. *See* TAC ¶ 6. Two of the named Plaintiffs, Ms. Rodriguez and Mr. Guzman, still own their vehicles and allege they will be harmed by future attempted repairs. *Id.* ¶¶ 118, 125, 130, 137. Because Ms. Rodriguez and Mr. Guzman still own their vehicles, they have sufficiently demonstrated that they are threatened with a concrete and particularized legal harm from future attempted repairs utilizing the same defective parts, and this injury is likely to occur again barring injunctive relief. *See In re Toyota RAV4 Hybrid Fuel Tank Litig.*, No. 20-CV-00337-EMC, 2021 WL 5915060, at *18 (N.D. Cal. Dec. 10, 2021) (tentatively agreeing that the plaintiffs "would likely have standing to pursue an injunction seeking to repair the Vehicles if Toyota's ongoing repair efforts prove unsatisfactory"). Accordingly, the Court finds that at least two named Plaintiffs have standing to seek injunctive relief compelling Defendant to reform its warranty to cover the injury alleged and to notify all Class Members that such warranty has been reformed and thus **DENIES** Defendant's motion to dismiss this injunctive claim. *See Bates*, 511 F.3d at 985.

## B.    Plaintiffs' Implied Warranty of Merchantability Claim (Count 3)

In the Court's February 3, 2021 order, it denied Defendant's motion to dismiss Plaintiffs' implied warranty of merchantability claim under California Commercial Code section 2314. ECF No. 62 at 18–19. The Court had rejected Defendant's argument that the claim failed for lack of vertical contractual privity between the consumer Plaintiffs and the manufacturer Defendant, finding that the Ninth Circuit recognized an exception to the privity requirement, such as when the plaintiff relied on written labels or advertisements of a manufacturer. *Id.* at 18 (citing *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008)). The Court found Plaintiffs adequately pleaded that the exception applied. *Id.* at 18–19.

Defendant argues again that Plaintiff Guzman's implied warranty of merchantability claim under section 2314 of the California Commercial Code should be dismissed because Mr. Guzman does not plead vertical privity with Defendant, and that the Court had not previously addressed its argument that the "written labels or advertisements" exception only applies to express warranty claims.[3] Mot. at 6, 12–13.

Plaintiffs dispute this, contending that privity is not required when they relied on written labels or advertisements of a manufacturer, nor when they are third-party beneficiaries of warranty agreements between Defendant and its dealerships. Oppo. at 18–19.

### 1.    Written Labels or Advertisements Exception to Privity

In its previous order, the Court did not expressly address Defendant's argument that the written labels or advertisements exception only applies to express warranty claims and will now do so. In *Clemens*, a vehicle defect case, the plaintiff did not argue that an exception to privity applied to his implied warranty claims because he relied on written labels or advertisements from the manufacturer. *Clemens*, 534 F.3d at 1023. Instead, he argued that "similar equities support an exception for his case," but the court was not persuaded and found he lacked vertical privity. *Id.* Thus, the Ninth Circuit's decision confirming the dismissal of his implied warranty claims did not turn on whether the exception for reliance on written labels or advertisements applied.

Although the Ninth Circuit also noted in *Clemens* that there are exceptions to privity for breach of warranty claims, such as "when the plaintiff relies on written labels or advertisements of a manufacturer," it cited the California Supreme Court case, *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682 (1954), for this proposition. *Clemens*, 534 F.3d at 1023 (citing *Burr*, 42 Cal. 2d at 696). However, the court in *Burr* found that regarding the exception to the privity requirement "where representations are made by means of

---

[3] Mr. Guzman is the only named Plaintiff who brings this cause of action on behalf of himself and the class. TAC ¶ 182.

labels or advertisements, it [is] applicable only to express warranties" and determined that the exception therefore did not apply to the implied warranty claims before it. *Burr*, 42 Cal. 2d at 696.

Plaintiffs do not cite—and the Court did not find—any California authority finding that the written labels or advertisements exception to privity applies to implied warranty claims under California Commercial Code section 2314. *See Clemens*, 534 F.3d at 1024 ("California courts have painstakingly established the scope of the privity requirement under California Commercial Code section 2314, and a federal court sitting in diversity is not free to create new exceptions to it."). The Court thus finds that the written labels or advertisements exception to privity does not apply to Plaintiff's implied warranty claims under California Commercial Code section 2314. *See Izzetov v. Tesla Inc.*, No. 5:19-CV-03734-EJD, 2020 WL 1677333, at *4 (N.D. Cal. Apr. 6, 2020) (finding the written labels or advertisements exception to privity only applies to express warranty claims); *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 854 (N.D. Cal. 2018) ("*Burr* thus clarifies that 'where representations are made by means of label or advertisements,' the exception to privity is 'applicable only to express warranties' and not implied ones." (citation omitted)).

### 2. Third-Party Beneficiary Exception to Privity

Plaintiffs also argue that privity is not required because they properly allege "that they, as the intended ultimate consumers of the class vehicles, are third-party beneficiaries of the warranty agreements between GM and its dealerships." Oppo. at 18; TAC ¶¶ 35, 129, 184–85. Defendant responds that the Ninth Circuit does not recognize a third-party beneficiary exception to the privity requirement. Reply at 13. Defendant further contends that Plaintiffs failed to "make any specific allegations identifying or describing the agreements that they claim give them third-party beneficiary status." *Id.* (citation omitted).

According to California Civil Code section 1559, a third-party beneficiary may enforce a contract that was made expressly for that third-party's benefit. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*, 754 F. Supp. 2d

1145, 1184 (C.D. Cal. 2010). "A contract made 'expressly' for a third party's benefit need not specifically name the party as the beneficiary; to be deemed a third-party beneficiary, one need only to have experienced more than an incidental benefit from the contract." *In re Toyota Motor Corp.*, 754 F. Supp. 2d at 1184 (citing *Gilbert Fin. Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 69–70 (Ct. App. 1978)).

Viewing the factual allegations in the TAC and reasonable inferences drawn from them as true, the Court finds Plaintiffs have sufficiently pleaded third-party beneficiary status. Plaintiffs allege that contracts and implied warranties exist between Defendant and its authorized dealerships, but that the dealerships were not intended to be the ultimate consumers of the class vehicles; Plaintiffs—the ultimate consumers—are the intended beneficiaries of Defendant's implied warranties. TAC ¶¶ 129, 185, 188. Other courts have found similar allegations sufficient to convey third-party beneficiary status. *See*, *e.g.*, *Clark v. LG Elecs. U.S.A., Inc.*, No. 13-CV-485 JM JMA, 2013 WL 5816410, at *11–12 (S.D. Cal. Oct. 29, 2013); *In re Toyota Motor Corp.*, 754 F. Supp. 2d at 1185; *In re Sony Vaio Computer Notebook Trackpad Litig.*, No. 09cv2109 BEN RBB, 2010 WL 4262191, at *3 (S.D. Cal. Oct. 28, 2010).

The Court also finds that the Ninth Circuit has not foreclosed a third-party beneficiary exception to the privity requirement. In *Clemens*, the Ninth Circuit acknowledged that certain exceptions to privity exist but declined to "create a new exception" when the plaintiff contended that "similar equities support an exception for his case." *Clemens*, 534 F.3d at 1023–24. Although courts in this district differ on whether there is a third-party beneficiary exception to privity, the Court does not agree with Defendant's view and the cases that read *Clemens* as barring such an exception. *See Zeiger*, 304 F. Supp. 3d at 854 (discussing split in the district regarding recognition of a third-party beneficiary exception to privity). The Court is instead persuaded by the decisions reasoning that *Clemens* does not bar the third-party beneficiary exception to the vertical privity requirement because it "did not specifically consider the third-party beneficiary exception or cases that have adopted the third-party beneficiary exception." *Clark*, 2013 WL

5816410, at *12 & n.10; s*ee also*, *Zeiger*, 304 F. Supp. 3d at 854; *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 982–84 (N.D. Cal. 2014); *In re Toyota Motor Corp.*, 754 F. Supp. 2d at 1185. Because the Court finds that Plaintiff Guzman sufficiently pleaded third-party beneficiary status to avoid the vertical privity requirement under California Commercial Code section 2314, the Court **DENIES** Defendant's motion to dismiss the implied warranty of merchantability claim.

## IV. CONCLUSION

Based on the above, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion to Dismiss the TAC. Specifically, the Court rules as follows:

1. Defendant's motion to dismiss Plaintiffs' injunctive relief claim under the CLRA (Count 1) is **GRANTED**.

2. Defendant's motion to dismiss Plaintiffs' injunctive relief claims under the UCL (Count 4) and unjust enrichment claims (Count 5) to (1) remove and replace their CUE Systems with a suitable alternative product that does not contain the alleged defects, (2) to perform a recall and repair, (3) to enjoin Defendant from further deceptive distribution, sales, and lease practices with respect to Class Vehicles, and (4) to enjoin Defendant from selling the Class Vehicles with the misleading information are **GRANTED**.

3. Defendant's motion to dismiss Plaintiffs' claim for injunctive relief under the UCL (Count 4) and unjust enrichment claims (Count 5) compelling Defendant to reform its warranty to cover the injury alleged and to notify all Class Members that such warranty has been reformed is **DENIED**.

4. Defendant's motion to dismiss the implied warranty of merchantability claim pursuant to California Commercial Code section 2314 (Count 3) is **DENIED**.

/ / /

/ / /

/ / /

/ / /

1        All claims dismissed in this order are dismissed **without leave to amend**. Defendant

2    is **ORDERED** to file its answer within twenty days of the filing of this Order.

3        **IT IS SO ORDERED**.

4    Dated:  February 16, 2022

5

6                      Honorable Linda Lopez

7                      United States District Judge