UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT GOLDSTEIN, *et al.*, individually, and on behalf of a class of similarly situated individuals,<br><br>         Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>         Defendant. | Case No.: 3:19-cv-01778-RSH-AHG<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 100]** |

  Before the Court is the parties' Joint Motion to Amend Scheduling Order. ECF No. 100. The parties jointly request that the Court extend the two remaining deadlines set forth in the May 4, 2022 Scheduling Order (ECF No. 94) by six months each.

  Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by

acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties explain that they have "diligently pursued discovery on multiple fronts and repeatedly engaged in meet and confer efforts to resolve discovery disputes," including agreeing to a stipulated Protective Order and stipulated ESI Protocol, agreeing that Plaintiffs would supplement certain discovery responses, and agreeing upon search terms for Defendant's document collection and production in June. ECF No. 100 at 2. The parties report they have propounded and responded to written discovery and are in the process of producing and reviewing documents, and that Defendant has produced over 192,000 pages of documents to date and continues to produce responsive documents on a rolling basis. *Id.* at 2-3. Based on the volume of documents to be reviewed, Defendant anticipates it will need at least 60-90 days to complete its production, produce a privilege log, and supplement its written discovery responses, and Plaintiffs require additional time to review Defendant's documents and prepare their motion for class certification thereafter. *Id.* at 3. Plaintiffs also require additional time to complete their supplemental discovery responses, and Defendant needs time to review Plaintiffs' productions once complete and to issue third-party discovery. *Id.*

The Court finds the parties have shown good cause to **GRANT** the requested extension of the case schedule. Accordingly, the Scheduling Order is hereby **AMENDED** as follows:

1. Fact and class discovery are not bifurcated, but class discovery must be completed by **March 2, 2023**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to**

**comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at:

https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

    2.    Plaintiffs must file a motion for class certification by **April 3, 2023**.[1] The parties should review Judge Huie's Chambers Rules for Civil Cases for the additional requirements for noticed motions before Judge Huie.

    3.    Within **three (3) business days** of a ruling on the motion for class certification, the parties must jointly contact the Court via email (at efile_goddard@casd.uscourts.gov) to arrange a further Case Management Conference ("CMC"). The parties are not required a submit a proposed schedule by this deadline. The Court will set a deadline for the parties to submit a proposed case schedule in the order

---

[1] Should Plaintiffs not file a class certification motion, they must notify the Court via email (at efile_goddard@casd.uscourts.gov) by **April 6, 2023**.

1  setting a further CMC.

2      4.    The dates set forth herein will not be modified except for good cause shown.

3      **IT IS SO ORDERED**.

4  Dated:  August 9, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge